IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JERRY SMITHEY, #120247                                      PLAINTIFF

VERSUS                              CIVIL ACTION NO. 3:16-cv-409-TSL-RHW

MANAGEMENT TRAINING CORPORATION, et al.                     DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on plaintiff's response [18] to the Court's second and final order [17] to show cause. Plaintiff states in his response [18] that he had medical problems that prevented him from contacting the Court. The Court finds plaintiff's response [18] is well taken and the Court will consider it along with plaintiff's complaint [1].

Plaintiff, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* complaint [1] pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* in this case. *See* Order [7]. The named defendants are Management Training Corporation, Walnut Grove Correctional Facility, Brady Sistrunk, Lepher Jenkins, and Mitchell Daniels.

The Court, having liberally construed plaintiff's complaint [1] and response [18], and in consideration of the applicable law finds that this case will be dismissed.

I.  **Background**

Plaintiff received a prison rule violation report (RVR) because of a phone being found in the inmates' restroom after

visitation on March 25, 2016. Compl. [1] at 4. Plaintiff initially asserted that as a result of being found guilty of the RVR he received as punishment the loss of privileges and visitation for 18 months. *See id.* at 5. Plaintiff however states in his response [18] that the punishment was not enforced. Pl.'s Resp. [18] at 2. Even though he was not punished with the loss of privileges including visitation for 18 months, plaintiff claims that his classification was reduced to "C-custody" and the RVR is "still in [e]ffect." *Id*. at 1.

Additionally, plaintiff complains that defendant Sistrunk threatened plaintiff's visitor, Mrs. Martin, with criminal proceedings. Compl. [1] at 5. In his response [18], plaintiff states that Mrs. Martin was not indicted. Pl.'s Resp. [18] at 1.

As relief, plaintiff is requesting the removal of the RVR from his prison record and that all charges against Mrs. Martin be dismissed. Compl. [1] at 4.

## II. Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law

2

or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). Since the Court has permitted plaintiff to proceed *in forma pauperis* in this action, his complaint [1] is subject to the case screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of the State of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). At best, the Court finds that plaintiff is asserting that his constitutional right to due process was violated when he was found guilty of a RVR and as a result, his custody classification was reduced and the RVR has become a part of his inmate record.

To invoke the protections of the Due Process Clause, plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995).

Even if plaintiff lost privileges and visitation for 18

3

months as punishment, these "are in fact merely changes in the conditions of his confinement and do not implicate due process concerns." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Fifth Circuit has specifically addressed the loss or restriction of most prison privileges and determined that protection under the Due Process Clause is not available. *See Landor v. Lamartiniere*, 515 F. App'x 257, 259 (5th Cir. 2013) (finding that the loss of privileges did not implicate prisoner's liberty interest); *Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. 2002) (finding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, resulting from allegedly false disciplinary charges do not implicate due process); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (holding inmate has no constitutional right to visitation privileges).

Additionally, as set forth in *Heck v. Humphrey,* 512 U.S. 477, 487 (1994), a prisoner cannot bring a § 1983 action based on a conviction until that conviction "has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus, if a favorable judgment would necessarily imply the invalidity of the prisoner's conviction or

4

the length of his confinement." *Clarke v. Stalder*, 154 F.3d 186, 189 (internal quotations omitted) (quoting *Heck*, 512 U.S. at 486-87). The *Heck* doctrine also applies to a prisoner's § 1983 claim for the removal or expungement of a disciplinary conviction. *See Johnson v. Livingston*, 360 F. App'x 531, 532 (5th Cir. 2010) (holding that when a prisoner "challenge[s] the validity of his disciplinary convictions in his § 1983 complaint and [is seeking] expungement, his claims [are] barred by *Heck*") (citing *Edwards v. Balisok*, 520 U.S.C. 641, 648-49 (1997)).

Because the rule set forth in *Heck* applies to plaintiff's claims, he must demonstrate that his disciplinary conviction has been invalidated as a prerequisite for this case to proceed under § 1983. Plaintiff does not allege that his disciplinary action has been invalidated.[1] As such, the Court finds that plaintiff's § 1983 claims seeking expungement of his disciplinary conviction is not cognizable at this time. *See e.g., Evans v. Baker*, 442 F. App'x 108, 110 (5th Cir. 2011) (finding dismissal under *Heck* and *Edwards* of inmate's § 1983 complaint seeking expungement of

---

[1]

Plaintiff was ordered to specifically state if the complained of RVR has been invalidated by any of the means set forth in *Heck*. *See* Order [8]. Plaintiff responded by stating that the RVR is still Ain [e]ffect.@ *See* Resp. [18] at 2.

5

adverse disciplinary proceedings to be proper even after inmate withdrew his claim to have good-time credits restored).

Furthermore, the Court finds that an inmate does not have a constitutional right to receive a certain custodial classification while incarcerated. *Olim v. Wakinekona*, 461 U.S. 238, 249-50 (1983); *Meacham v. Fano*, 427 U.S. 215 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Plaintiff's claim that his classification has been reduced fails to assert a constitutional violation and as such, this claim is frivolous. *See Walker v. Buentello*, 149 F. App'x 286, 287 (5th Cir. 2005) (finding that "[t]he district court did not err in dismissing" plaintiff's claim relating to his classification as frivolous).

Likewise, the Court finds that plaintiff does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding inmate does not have protected liberty interest in filing grievances). Therefore, plaintiff's claims related to how his grievance was handled are frivolous. *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (finding prisoner "does not have a constitutional

right to a grievance procedure at all" and therefore, claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable).

Finally, the constitutional rights of a person are personal in nature and, therefore, plaintiff cannot maintain this complaint on behalf of another person. *See Coon v. Ledbetter*, 780 F. 2d 1158, 1160 (5th Cir. 1986). With that in mind, the Court finds that plaintiff does not have standing to assert a § 1983 action on behalf of Mrs. Martin for the alleged unlawful action of defendants toward Mrs. Martin. Compl. [1] at 4; Pl.'s Resp. [18] at 1.

## III. Conclusion

The Court has considered the pleadings and applicable law. For the reasons stated, this civil action is dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2] This dismissal will

---

[2] The United States Court of Appeals for the Fifth Circuit has held that plaintiff's claims that are *Heck*-barred should be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Claims that are barred by *Heck* are legally frivolous. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996); *see also Johnson*, 101 F.3d at 424 (holding "[u]nder *Heck*, Johnson cannot state a claim" until his conviction is invalidated).

count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED AND ADJUDGED, this the 26th day of June, 2017.

<pre>                              /s/Tom S. Lee                         
                              UNITED STATES DISTRICT JUDGE</pre>